IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL CONLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-539-T |
| ) | |
| JO ANNE B. BARNHART, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Robert E. Bacharach pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Bacharach recommends affirmance of the decision of the Social Security Administration denying Plaintiff's application for disability benefits. Plaintiff has timely filed a written objection. Thus the Court must make a de novo determination of any portion of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff's two-page objection is straightforward. Plaintiff claims the administrative law judge (ALJ) erred in failing to find he suffers from a severe mental impairment at step two of the sequential analysis and that Judge Bacharach erred in accepting the ALJ's conclusory findings on this issue.[1]

---

[1] Plaintiff does not address in his Objection the additional issue raised in his appeal and addressed by Judge Bacharach of whether the ALJ erred in failing to find his carpal tunnel syndrome is not a severe impairment. (Report & Recom. at 5-8.)  Thus Plaintiff has waived further review of this issue. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) (requiring specific objection to preserve an issue for appellate review); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (affirming similar Sixth Circuit rule).

Plaintiff contends the diagnoses and evaluations in the record warrant the finding of a severe mental impairment because they clearly meet the requirement of a *de minimus* showing at step two, citing *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997).  He argues that both examining and consultative physicians determined he suffers from more than a minimal disturbance of his ability to perform work related activities due to hallucinations and a personality disorder.  Plaintiff accuses Judge Bacharach of erroneously providing possible reasons for the ALJ's decision rather than relying on the reasons actually stated by the ALJ.

Plaintiff merely repeats in his Objection arguments fully considered by Judge Bacharach. Although not identified by name, Plaintiff's reference to an examining physician presumably means Dr. R. Keith Green, an agency psychologist, and his reference to a consultative physician presumably means Dr. Sally Varghese, an agency physician who reviewed his medical records. Plaintiff's contention that the ALJ failed to provide a sufficiently specific discussion of these two experts' opinions is without merit.

At step two, a claimant must demonstrate an impairment that "significantly limits [his] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).  While describing the requisite showing as "de minimus," the court of appeals has explained that "the claimant must show more than the mere presence of a condition or ailment."  *Hinkle*, 132 F.3d at 1352.  Rather, the claimant must show a determinable impairment of sufficient severity to have "more than a minimal effect on his ability to do basic work activities."  *Williams v. Bowen*,  844 F.2d 748, 751 (10th Cir. 1988).

Plaintiff relied on the opinions of Drs. Varghese and Green to satisfy this requirement.  The ALJ expressly discussed these opinions and found them to be insufficient for this purpose.  Plaintiff incorrectly contends the ALJ's discussion of this evidence is inadequate under *Kepler v. Chater*, 68

F.3d 387, 390-91 (10th Cir. 1995), and *Hardman v.v. Barnhart*, 362 F.3d 676, 678-79 (10th Cir. 2004). The court of appeals addressed in *Kepler* and *Hardman* the degree of specificity required for an ALJ's decision to reject subjective complaints of disabling pain. These decisions applied Social Security Ruling 96-7p and are inapposite.

The Court agrees with Judge Bacharach's rejection of Plaintiff's demand for a more detailed explanation than the one provided by the ALJ regarding a mental impairment. Judge Bacharach correctly relied on Social Security Ruling 96-6p and 20 C.F.R. § 404.1527, which require an ALJ to discuss the weight given to the opinions of state agency physicians and psychologists. (Report & Recom. at 4, n.7.) The ALJ explained that Dr. Green found a psychotic disorder stabilized through medication with only a mild effect on Plaintiff's abilities to do basic activities. (R. at 19-20.) The ALJ rejected Dr. Varghese's finding of a personality disorder that caused moderate difficulties as contrary to the opinion of Dr. Green, the examining psychologist, and unsupported by medical documentation. (R. at 19.) The Court finds the ALJ's stated reasons to be sufficient.

For these reasons, the Court adopts Judge Bacharach's Report and Recommendation [Dkt. 18] in its entirety. The Commissioner's decision is AFFIRMED. Judgment will be entered accordingly.

IT IS SO ORDERED this  29th  day of December, 2005.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE